COURT OF APPEALS
DECISION
DATED AND FILED

September 1, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2228**

STATE OF WISCONSIN

Cir. Ct. No. **2018JV287**

IN COURT OF APPEALS
DISTRICT I

IN THE INTEREST OF M.E., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

M.E.,

      RESPONDENT-APPELLANT.

      APPEAL from an order of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge. *Affirmed*.

¶1     DONALD, J.[1] M.E. appeals from an order adjudicating him delinquent for one count of first-degree sexual assault of a child. M.E. argues that at some point during the proceedings, the judge obtained personal knowledge about a disputed issue of fact and should have recused herself. We disagree and affirm.

## BACKGROUND

¶2     On April 23, 2018, M.E. was named in a petition alleging that he was delinquent because he committed two acts of first-degree sexual assault of a child. M.E. denied the allegations in the petition and the matter was set for a court trial. Prior to trial, the circuit court ordered that witnesses would be excluded from the courtroom and sequestered during trial.

¶3     As relevant to this appeal, during the cross-examination of R.J., one of the State's witnesses, M.E.'s attorney asked R.J. whether she had been convicted of a crime. R.J. responded in the affirmative, and then followed up by telling the circuit court that she has been convicted of one crime. The circuit court then asked the witness to leave the courtroom to determine whether the parties previously discussed stipulating to the number of the witness's convictions. After the issue was resolved, the State left the courtroom to retrieve the witness. The following ensued:

> THE COURT: Oh. Open that door.
>
> [The State and the witness returned to the courtroom]
>
> THE COURT: All right. I sent the State into the hallway to get the witness. I heard conversation behind the door. [State], what did you just say to that witness?

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

> [State]: I said, "I'm sorry, that's my fault. We had to talk about a legal issue." And I said Defense might have a couple questions about the case but I wasn't entirely certain. And that was the extent of what I discussed.

¶4 The circuit court asked the parties to leave the courtroom for a brief recess. Following the recess, M.E.'s attorney moved for a mistrial based on the fact that the State had "conversations" with a sequestered witness. The circuit court ordered briefing on the issue.

¶5 In his brief in support of a mistrial, M.E. argued that the State conferred with an active witness despite a sequestration order. Specifically, M.E.'s brief argued that "[t]he only two people who know exactly what was said during that conversation [were] the [State] and the witness." The State opposed the mistrial motion, arguing that "there is no legal support for a court to prohibit a party from communicating with a single witness about anything." (Bolding omitted.)

¶6 At a hearing on the motion, the circuit court identified the issues as follows:

> As the Court previously indicated, this is a two-part issue. So first, whether or not the conversation was a violation of the Court's specific order which was intended to ensure the witness, who was excluded from the conversation, was not privy to such information. The second, if there was a violation, what then is the appropriate remedy.

¶7 The circuit court then permitted M.E.'s attorney to question R.J., who told the circuit court that she did not "remember if [she and the State] had a conversation" on the day in question. The circuit court ultimately denied the motion, stating that it was "satisfied that what the State put on the record is what the State said." The circuit court continued:

> The Court was the one who instructed the deputy to open the door, because I heard voices, which there was no

reason to hear voices when the State was simply getting a witness to walk back in the courtroom. This docket says, "Oh, open that door," and it was because why would I hear voices. The door opened. The Court asked the State what happened. The State made the record. I'm relying on that.

But the bottom line is the witness herself denied even anyone talking to her, denied a conversation. I found her testimony to be incredible based on all the circumstances of which the Court essentially abruptly stopped the trial, and it would be very unreasonable for the Court to believe that a witness, who was asked to leave the courtroom, brought back in, immediately sent back out, would have no recollection of the intervening event which was clearly the conversation.

….

What is the appropriate remedy?… It's not a mistrial. And in fact this witness is not even a direct, firsthand witness. She provided no testimony of any direct substance…. So, for that reason, based on the nature of her testimony, based on the issues surrounding her mid-testimony discussion or receipt of information, I believe that the most appropriate reasonable remedy is simply to strike her testimony. So that's what I'm doing.

(Some formatting altered.)

¶8    The circuit court ultimately found M.E. not guilty for one count of first-degree sexual assault of a child and adjudicated M.E. delinquent for the second count.

## DISCUSSION

¶9    On appeal, M.E. contends that "because the judge was a witness to the conduct that violated the sequestration order, and there subsequently developed a disputed issue of fact about what was actually said between the prosecutor and the witness, the judge was disqualified as a matter of law, unless the judge conducted a hearing into whether the parties would waive recusal." M.E. is mistaken.

¶10 "The mandatory disqualification statute, [WIS. STAT. § 757.19(2)], establishes seven situations in which a judge must disqualify himself or herself from an action or proceeding." *State v. American TV & Appliance*, 151 Wis. 2d 175, 181-82, 443 N.W.2d 662 (1989). There are six fact-specific situations, the existence of which can be determined objectively, and one general subjective situation which is based solely upon the judge's state of mind. *See id.* As to the objective situations found in § 757.19(2)(a)-(f), "the very existence of [such a] relationship creates a disqualification by law." *American TV*, 151 Wis. 2d at 182.

¶11 M.E. asserts disqualification was required under WIS. STAT. § 757.19(2)(b), where a judge is a material witness. We conclude that the circuit court was not a material witness and that the court applied the appropriate remedy. Here, the State informed the circuit court that when it left the courtroom to retrieve R.J., it apologized to R.J. and told R.J. that the defense may have a few questions. The circuit court, having heard voices outside of the courtroom, accepted the State's explanation and rejected R.J.'s testimony that she did not recall speaking with the State. The circuit court also noted that R.J. was not a relevant witness and did not contribute anything of significance to the trial. The circuit court remedied any possible appearance of impartiality by striking R.J.'s testimony. Without R.J.'s testimony, what the circuit court may or may not have witnessed was irrelevant to M.E.'s case.

¶12 For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

5